# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARKE SHELDON LOWE,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　vs.<br><br>RAY FISHER, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.　15cv2749-BAS (DHB)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AS SECOND OR SUCCESSIVE** |

On December 7, 2015, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his July 16, 2004 San Diego County Superior Court conviction and sentence in Case No. SCD177421. (ECF No. 1 at 1.) Petitioner has also filed a motion to proceed in forma pauperis. (ECF No. 2.) The Court does not rule on Petitioner's in forma pauperis status because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his July 16, 2004 conviction in San Diego Superior Court case No. SCD177421. On November 21, 2007, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus in So. Dist. Ca. Civil Case No. 07cv2232-LAB (CAB). In that petition, Petitioner also challenged his conviction in San Diego Superior Court case No. SCD177421.

(*See Lowe v. Tilton*, No. 07cv2232-LAB (CAB), ECF No. 1.)  On August 8, 2008, this Court granted respondent's motion to dismiss and dismissed the petition for Petitioner's failure to file his petition within the one-year statue of limitations. (*See* Order filed Aug. 8, 2008 in So. Dist. Ca. Civil Case No. 07cv2232-LAB (CAB), ECF No. 13.) Petitioner appealed that determination. On November 24, 2010, the Ninth Circuit Court of Appeals affirmed this Court's dismissal. (*Id.,* ECF No. 26, *Lowe v. Tilton*, No. 08-56737 (9th Cir. Nov. 24, 2010).)  This Court thereafter denied Petitioner's motions for post-conviction relief. (*See* Order filed Aug. 26, 2013 in So. Dist. Ca. Civil Case No. 07cv2232 LAB (CAB), ECF No. 29 (denying Rule 60(b) Motion for Relief from Judgment); *id.,* Order filed Nov. 25, 2015, ECF No. 44 (denying request to renew Rule 60(b) Motion for Relief from Judgment).)[1]

## INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition, contending the instant petition is not second or successive because his first petition was dismissed on procedural grounds, rather than on the merits, as it was dismissed for failure to file within the one-year statute of limitations. (Pet. at 14.) However, dismissal for failure to comply with the one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).  Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court.  *See* 28 U.S.C. § 2244(b)(3)(A).  Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition. (*See* Pet. at 5.)  In fact, Petitioner has submitted a copy of a December 17, 2014 Order of the Ninth Circuit Court of Appeals denying him permission to file a second or successive petition. (Pet. at 94-95.)

///

---

[1] This is in fact the third habeas petition filed in this Court by Petitioner challenging this conviction.  The Court previously dismissed as successive a habeas petition filed by Petitioner challenging the same conviction. *See* Order filed Oct. 4, 2012 in So. Dist. Ca. Civil Case No. 12cv2398-H (PCL), ECF No. 2.

**CONCLUSION AND ORDER**

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED: December 8, 2015

_____
Cynthia Bashant
United States District Judge